# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WISCONSIN

---

**JASON REITER,**
Plaintiff,

v.

26-cv-349 -jdp

**PORTFOLIO RECOVERY ASSOCIATES, LLC;**
**EXPERIAN INFORMATION SOLUTIONS, INC.;**
**EQUIFAX INFORMATION SERVICES, LLC;**
**TRANS UNION LLC,**

Defendants.

---

**Case No.:** _____

---

# COMPLAINT

(Jury Trial Demanded)

---

## I. JURISDICTION AND VENUE

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.
2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.
3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including Plaintiff's receipt of credit reports, submission of disputes, and Defendants' reporting of the account to Plaintiff within this District.

---

## II. PARTIES

4. Plaintiff Jason Reiter is a natural person residing in Eau Claire County, Wisconsin, and is a "consumer" as defined by 15 U.S.C. §1681a(c).
5. Defendant Portfolio Recovery Associates, LLC ("PRA") is a debt collector under 15 U.S.C. §1692a(6) and a furnisher of information under the FCRA.
6. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency ("CRA") as defined by 15 U.S.C. §1681a(f).
7. Defendant Equifax Information Services, LLC ("Equifax") is a CRA.
8. Defendant Trans Union LLC ("TransUnion") is a CRA.

# III. FACTUAL ALLEGATIONS

## A. The Account and Unauthorized Charges

9. Plaintiff opened a PayPal Credit account issued by Synchrony Bank on or about December 5, 2021.
10. Plaintiff used the account for legitimate transactions and made payments.
11. Thereafter, Plaintiff's PayPal and/or eBay account was compromised.
12. Unauthorized charges were incurred on the account without Plaintiff's knowledge or consent.
13. Plaintiff notified PayPal, eBay, and Synchrony Bank that the charges were fraudulent.
14. Despite these notifications, the unauthorized charges were not removed.
15. Interest and fees continued to accrue on the disputed balance.
16. The balance reported by Defendants is inaccurate and materially misleading because it includes charges not authorized by Plaintiff and for which Plaintiff bears no liability.

## B. Assignment to Portfolio Recovery Associates

17. The account was charged off and allegedly sold or assigned to PRA on or about March 18, 2023.
18. PRA thereafter began reporting the account to consumer reporting agencies as a valid and owed debt.

## C. Prior Notice of Fraud and PRA's Response

19. Prior to filing its collection action, PRA, through its counsel, was informed that Plaintiff disputed the charges as fraudulent.
20. In response, PRA, through counsel, provided Plaintiff with an identity theft victim's complaint and affidavit form.
21. PRA requested that Plaintiff identify specific fraudulent transactions and dates.

22. Plaintiff did not possess a complete transaction history and therefore could not identify specific transactions without access to detailed account records.
23. PRA possessed, or had the ability to obtain, complete account-level transaction data necessary to evaluate the dispute.
24. PRA did not provide Plaintiff with a full transaction history sufficient to identify disputed charges.
25. PRA did not independently resolve the disputed charges.

## D. State Court Litigation and Dismissal

26. On or about February 28, 2025, PRA filed a collection action against Plaintiff in Eau Claire County Circuit Court, Case No. 2025SC000310.
27. PRA alleged that Plaintiff owed approximately $2,522.65.
28. Plaintiff disputed the debt and asserted that the charges were fraudulent.
29. At a hearing held on May 22, 2025, PRA failed to present competent admissible evidence sufficient to establish the alleged debt.
30. PRA failed to produce a witness capable of testifying to the account or the balance claimed.
31. The court dismissed the action due to lack of evidence and absence of a witness to substantiate the claim.
32. Despite this dismissal, PRA continued to report the account as valid and accurate.

## E. Plaintiff's Written Disputes

33. On or about January 20, 2026, Plaintiff sent written disputes to PRA, Experian, Equifax, and TransUnion.
34. Plaintiff's dispute to PRA was delivered via certified mail on January 26, 2026.
35. Plaintiff's disputes specifically challenged:

a. The inclusion of unauthorized charges;
b. The accuracy of the reported balance;
c. PRA's ability to substantiate the account;
d. The prior judicial dismissal of PRA's collection action.

## F. PRA's Failure to Conduct a Reasonable Investigation

36. PRA received notice of Plaintiff's dispute from one or more CRAs.
37. PRA failed to conduct a reasonable investigation including failing to review all relevant information provided through the dispute process.

38. PRA failed to obtain or review transaction-level account data sufficient to distinguish between authorized and unauthorized charges.
39. PRA required Plaintiff to identify specific fraudulent transactions without providing the underlying account data necessary to do so.
40. PRA nevertheless verified the account as accurate.
41. PRA's conduct rendered its investigation unreasonable.

## G. CRA Reinvestigation Failures

42. Each CRA received Plaintiff's disputes and notified PRA pursuant to 15 U.S.C. §1681i.
43. Upon information and belief, the CRA Defendants relied primarily on automated verification procedures.
44. PRA responded by verifying the account.
45. The CRA Defendants continued reporting the account with a balance of approximately $2,523.
46. Experian reported "Verified and Updated" and noted that Plaintiff disagreed.
47. TransUnion reported the account as "verified as accurate and updated."
48. Equifax likewise continued reporting the account as verified.
49. Upon information and belief, the CRA Defendants failed to obtain or review sufficient evidence to determine whether the reported balance included unauthorized charges.
50. Upon information and belief, the CRA Defendants did not independently review underlying account documentation or transaction-level data before verifying the account.
51. The CRA Defendants failed to require transaction-level substantiation.
52. The continued reporting of the account as fully accurate was materially misleading because it included disputed unauthorized charges and conveyed that the balance had been substantiated when it had not.
53. A reasonable reinvestigation under these circumstances required more than merely accepting a furnisher's conclusory verification.

## H. Nature of Plaintiff's Claims

54. Plaintiff does not ask this Court to adjudicate the contractual validity of the account.
55. Plaintiff alleges that Defendants failed to conduct reasonable investigations and reported inaccurate or materially misleading information.
56. Defendants' conduct occurred after detailed notice of fraud and after PRA failed to substantiate the debt in court, demonstrating reckless disregard for Plaintiff's rights and/or willful noncompliance with statutory duties.

# IV. CLAIMS FOR RELIEF

## COUNT I

Violation of 15 U.S.C. §1681i(a)
(Against Experian, Equifax, TransUnion)

57. Plaintiff incorporates all preceding paragraphs.
58. Plaintiff submitted disputes sufficient to trigger reinvestigation duties.
59. The CRA Defendants failed to conduct reasonable reinvestigations.
60. The CRA Defendants reported information that was inaccurate or materially misleading.
61. The violations were negligent and/or willful.

## COUNT II

Violation of 15 U.S.C. §1681e(b)
(Against Experian, Equifax, TransUnion)

62. Plaintiff incorporates all preceding paragraphs.
63. The CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information reported about Plaintiff.
64. The CRA Defendants' procedures permitted the continued reporting of information that included disputed unauthorized charges and lacked reliable substantiation, rendering the reporting inaccurate or materially misleading.
65. Plaintiff suffered damages as a result.

## COUNT III

Violation of 15 U.S.C. §1681s-2(b)
(Against PRA)

66. Plaintiff incorporates all preceding paragraphs.
67. PRA received notice of disputes.
68. PRA failed to conduct a reasonable investigation and failed to review all relevant information provided through the dispute process including failing to obtain or review transaction-level data necessary to verify the accuracy of the reported balance.
69. PRA furnished inaccurate or materially misleading information.
70. PRA's conduct was negligent and/or willful.

## COUNT IV

Violation of 15 U.S.C. §1692e
(Against PRA)

71. Plaintiff incorporates all preceding paragraphs.
72. PRA falsely represented the character, amount, or legal status of the debt, including by representing that the full reported balance was valid despite including disputed unauthorized charges.
73. PRA's continued reporting of the debt to consumer reporting agencies constituted an attempt to collect a debt by exerting pressure on Plaintiff through damage to his credit profile.

## COUNT V

Violation of 15 U.S.C. §1692f
(Against PRA)

74. Plaintiff incorporates all preceding paragraphs.
75. PRA used unfair and unconscionable means in attempting to collect the alleged debt.

# V. DAMAGES

76. Plaintiff suffered actual damages including credit impairment, diminished creditworthiness, potential denial of credit opportunities, emotional distress, and time and expense spent addressing Defendants' conduct.
77. Plaintiff seeks actual damages, statutory damages, punitive damages, costs, attorney's fees, and any other relief deemed just.
78. Plaintiff alleges damages in excess of $100,000.

# VI. JURY DEMAND

79. Plaintiff demands trial by jury on all issues so triable.

# VII. SIGNATURE

Dated: __4-8-2026_____

Jason Reiter
824 Kari Drive
Eau Claire, WI 54701
715-760-7605
jayreiter13@gmail.com
Plaintiff, Pro Se